UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANOOB ABDEL-MALAK, Bk. No. 2111341403,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 22-cv-01324-CRB  (PR)<br><br>**ORDER OF DISMISSAL AND REMAND**<br><br>(ECF Nos. 8 & 9) |

**I.**

Petitioner, a pretrial detainee at the San Bernardino County Jail, has filed a <u>pro se</u> request for removal and "criminal notice of removal" of a petition for a writ of mandate/prohibition/habeas corpus he filed in the Supreme Court of California, Case No. S273046, challenging a pending state criminal prosecution commenced against him in May 2021 in San Bernardino County Superior Court, Case No. FWV21001748.  Petitioner invokes this court's removal jurisdiction under 28 U.S.C. §§ 1443 and 1455 but after reviewing the request and notice of removal and supporting documents and pertinent law, the court concludes that it lacks subject-matter jurisdiction over the removal petitioner seeks.

**II.**

A criminal defendant may remove a pending state court prosecution to federal court if he can demonstrate that he will be unable to vindicate his federal rights in state court.  The controlling removal statute, 28 U.S.C. § 1443, provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place where it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States or within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

A notice of removal of a criminal prosecution pursuant to § 1443 must comply with several procedural requirements. Specifically, a petitioner is required to file a verified notice of removal with the federal district court in which the criminal prosecution is pending and attach copies of all pleadings in the case to the notice. 28 U.S.C. § 1455(a). Absent good cause, a removal petitioner must file the notice of removal within 30 days after his arraignment or at any time before trial, whichever is earlier. Id. § 1455(b)(1). Further, the failure to state grounds which exists at the time of the filing of the notice of removal shall constitute a waiver of such grounds and, absent a showing of good cause, a second notice may be filed only on grounds not existing at the time of the original notice. Id. § 1455(b)(2).

To remove a case under § 1443, a petitioner also must satisfy a two-pronged substantive test. First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). Second, it must appear that the removal petitioner cannot enforce the specified federal right in the state courts because a state law or constitutional provision denies the petitioner an opportunity to raise the federal right in state court. See Johnson, 421 U.S. at 219; see also California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) (allegation must be supported by reference to state statute or constitutional provision that purports to command state courts to ignore federal rights at issue).

### III.

Petitioner does not seek to remove to this court the state criminal prosecution pending against him in San Bernardino County Superior Court because §§ 1443 and 1455 make clear that such removal must be to the United States District Court for the Central District of California,

Eastern Division (the federal district court for the district and division within which the San Bernardino County Superior Court prosecution is pending, 28 U.S.C. § 84(c)(1)). See 28 U.S.C. §§ 1443, 1455(a). Petitioner attempted to do this in October 2021 but the United States District Court for the Central District of California, Eastern Division (Holcomb, J.) summarily remanded the action to San Bernardino County Superior Court for failure to satisfy the procedural and substantive requirements for removing a state criminal prosecution to federal court. See United States v. Hate Crime Victim Jane/John Doe, No. 21-cv-00213-JWH (C.D. Cal. Nov. 1, 2021) (order remanding action to San Bernardino County Superior Court).

Petitioner instead seeks to remove to this court pursuant to §§ 1443 and 1455 his subsequent petition to the Supreme Court of California asking the state high court to stay/dismiss the pending state criminal proceedings against him in San Bernardino County Superior Court. Although the Supreme Court of California sits within the venue of this court, this court lacks jurisdiction to entertain the removal petitioner seeks. As noted above, a criminal defendant may remove a pending state court prosecution to the federal district court within which the criminal prosecution is pending if he can show that he will be unable to vindicate certain federal rights in state court. But this does not mean that a criminal defendant may remove to federal court any appeal or petition for collateral relief that he may file in a state appellate court in connection with an underlying state criminal prosecution. Put simply, neither §§ 1443 nor 1455 confer on this court jurisdiction to take over the petition for a writ of mandate/prohibition/habeas corpus petitioner filed in the Supreme Court of California. See also Younger v. Harris, 401 U.S. 37, 43-54 (1971) (federal courts should not interfere with ongoing state criminal proceedings absent extraordinary circumstances).

Nor has petitioner satisfied the two-pronged substantive test for removal under §§ 1443 and 1455. His dissatisfaction with the Supreme Court of California's handling of his petition for a writ of mandate/prohibition/habeas corpus thus far is a far cry from asserting a right arising under a federal law providing for specific civil rights stated in terms of racial equality and showing that he cannot enforce the specified federal right in the state courts because a state law or constitutional provision denies him an opportunity to raise the federal right in state court. See Johnson, 421 U.S.

3

at 219; see also Sandoval, 434 F.2d at 636 (civil rights arising under Civil Rights Act of 1964 "are not within the coverage of section 1443").

### IV.

For the foregoing reasons, the request for removal and notice of removal of Supreme Court of California Case Number S273046 are DISMISSED and REMANDED for lack of subject-matter jurisdiction and petitioner's motions for corresponding relief (ECF Nos. 8 & 9) are DISMISSED as moot.[1]

**IT IS SO ORDERED**.

Dated: April 19, 2022

CHARLES R. BREYER
United States District Judge

---

[1] Petitioner's action is also dismissed for failure to pay the requisite filing fee or file an application for leave to proceed in forma pauperis (IFP). See ECF No. 2 (Mar. 2, 2022 notice of deficiency and providing petitioner 28 days to pay filing fee or file IFP application).

4